IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOSEPH JADCZAK and CATHERINE JADCZAK, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. |
| HOMESITE INSURANCE COMPANY, | ) ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (DIVERSITY)

TO:    THE UNITED STATES DISTRICT COURT CLERK FOR THE DISTRICT OF DELAWARE:

Please take notice that Defendant, Homesite Insurance Company ("Homesite"), hereby removes to this Court from the Superior Court of the State of Delaware in and for Sussex County the state court action described below and states as follows:

1.    On May 25, 2007, an action was commenced in the Superior Court of the State of Delaware in and for Sussex County, C.A. No. 07C-05-030 ESB.  A copy of the Complaint for Declaratory and Other Relief is attached hereto as Exhibit "A."

2.    A Summons was issued by the Prothonotary on May 25, 2007 and subsequently served upon Matthew Denn, Insurance Commissioner of the State of Delaware on June 12, 2007. Copies of the Summons and Sheriff's Return are attached hereto as Exhibit "B."  Homesite was subsequently served on June 18, 2007.

3.    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332 because it is a dispute between citizens of this state and a citizen of a foreign state

and because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

     4.     Homesite is a Connecticut corporation with its principal place of business in Boston, Massachusetts.

     5.     This filing of the Notice of Removal is made within thirty (30) days after Homesite received notice of the Complaint.

Dated: July 11, 2007

Respectfully submitted,

COZEN O'CONNOR

_____
Sean J. Bellew (No. 4072)
Chase Manhattan Centre
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013

*Attorneys for Defendant,*
*Homesite Insurance Company*

EFiled: May 25 2007 3:36 EDT
Transaction ID 15018570
Case No. 07C-05-030 ESB

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

### IN AND FOR SUSSEX COUNTY

JOSEPH JADCZAK and CATHERINE )
JADCZAK, )
                         )
         Plaintiffs, )
                         ) C.A. No.
v. )
                         ) NON-ARBITRATION
HOMESITE INSURANCE COMPANY, )
                         ) JURY TRIAL DEMANDED
         Defendant. )

## COMPLAINT FOR DECLARATORY AND OTHER RELIEF

### Nature of the Action

1.    This is an action seeking recovery of compensatory and punitive damages, declaratory relief, and other relief arising from defendant Homesite Insurance Company's breach of contract, bad faith breach of contract, and otherwise wrongful refusal to honor its contractual obligations under a certain policy of first-party property insurance issued to plaintiffs by defendant.

2.    This action seeks, *inter alia*, a declaration that plaintiffs are entitled to full reimbursement of the cost of rebuilding a structure located on plaintiffs' residence premises in Milton, Sussex County, Delaware which was destroyed by a fire, and that plaintiffs are entitled to full payment (less depreciation) for property destroyed in the aforementioned fire.

### The Parties

3.    Plaintiffs are husband and wife and reside at 29555 Eagles Crest Drive, Milton, Delaware 19968.

4.    Defendant is an insurance carrier domiciled in Boston, Massachusetts and duly authorized to transact business in the State of Delaware. Pursuant to 18 *Del. C.* § 525(a), it may

be served by serving process upon the Honorable Matthew P. Denn, Insurance Commissioner of the State of Delaware.

## The Insurance Contract

5.     At all times relevant herein, plaintiffs were the owners in fee simple of a parcel of land at the "Eagles Crest" subdivision, located at 29555 Eagles Crest Drive, Milton, Sussex County, Delaware 19968.

6.     At all times relevant herein, plaintiffs were the named insureds under a contract of insurance issued by defendant under policy number 30318103 with effective dates of August 16, 2005 to August 16, 2006 ("the Policy").

7.     The Policy afforded first-party property-damage coverage to plaintiffs under "Section I – Property" with the following limits:

| Coverage A – Dwelling | $622,000.00 |
| Coverage B – Other Structures | $ 62,200.00 |
| Coverage C – Personal Property | $435,400.00 |
| Coverage D – Loss of Use | $124,400.00 |

8.     The Policy declarations indicate that the "Insured Location" of the Policy is "29555 Eagles Crest Road, Milton, DE 19968-3621

9.     The Policy declarations, under "Description of Dwelling", state:

2000 Clapboard structure, Single family home, Primary residence, Partially Protected, territory code 0002, over 1000ft. from hydrant, within 5 miles from fire station.

8.     Under the "Definitions" section of the Policy, the following definitions may be found:

(a)   4.   "Insured location" means:

a.   The "residence premises";

2

    **b.**    The part of other premises, other structures and grounds used by you as a residence and:

        (1)    Which is shown in the Declarations; or

        (2)    Which is acquired by you during the policy period for your use as a residence;

    **c.**    Any premises used by you in connection with a premises in **4.a.** and **4.b.** above; * * *

(b)    **8.**    "Residence premises" means:

    **a.**    The one family dwelling, other structures, and grounds; or

    **b.**    That part of any other building;

where you reside and which is shown as the "residence premises" in the Declarations. * * *

9.    Under "Section I – Property Coverages" of the Policy, defendant committed itself

to insure the following under "Coverage A – Dwelling":

We cover:

1.    The dwelling on the "residence premises" shown in the Declarations, including structures attached to the Dwelling; and

2.    Materials and supplies located on or next to the "residence premises" used to construct, alter, or repair the dwelling or other structures on the "residence premises".

This coverage does not apply to land, including land on which the dwelling is located.

10.    Under "Section I – Property Coverages" of the Policy, defendant committed itself

to insure the following under "Coverage B – Other Structures":

We cover other structures on the "residence premises" set apart from the dwelling by clear space. This includes structures connected to the dwelling by only a fence, utility line, or similar connection.

3

> This coverage does not apply to land, including land on which the
> other structures are located.  * * *  The limit of liability for this
> coverage will not be more than 10% of the limit of liability that
> applies to Coverage A. Use of this coverage does not reduce the
> Coverage A limit of liability.

11.    Under "Section I – Property Coverages" of the Policy, defendant committed itself

to insure the following under "Coverage C – Personal Property":

> We cover personal property owned or used by an "insured" while it is anywhere
> in the world. * * *

12.    Under "Section I – Property Coverages" of the Policy, "Coverage C – Personal

Property" contained the following language which purports to exclude certain claims under

"Coverage C – Personal Property":

> **Property Not Covered.** We do not cover:
>
> 3.    Motor vehicles or all other motorized land
> conveyances. This includes:
>
>     a.    Their equipment and accessories; or
>
>     b.    Electronic apparatus that is designed to be
>     operated solely by use of the power from the
>     electrical system of motor vehicles or all
>     other motorized land conveyances.
>     Electronic apparatus includes:
>
>         (1)    Accessories or antennas; or
>
>         (2)    Tapes, wires, records, discs, or other
>         media;
>
> For use with any electronic apparatus.
>
> The exclusion of property described in **3.a.**
> and **3.b.** above applies only while the
> property is in or upon the vehicle or
> conveyance.
>
> We do cover vehicles or conveyances not subject to
> motor vehicle registration which are:

4

> **a.** Used to service an "insured's" residence; or
>
> **b.** Designed for assisting the handicapped.

13.    Under "Section I – Property Coverages" of the Policy, defendant committed itself

to insure against the following pursuant to a section entitled "Additional Coverages":

> **2.    Reasonable repairs.** In the event that covered
> property is damaged by an applicable Peril Insured Against, we
> will pay the reasonable cost incurred by you for necessary
> measures taken solely to protect against further damage. If the
> measures taken involve repair to other damaged property, we will
> pay for those measures only if that property is covered under this
> policy and the damage to the property is caused by an applicable
> Peril Insured Against. * * *
>
> **3.    Trees, Shrubs, and Other Plants.** We cover trees,
> shrubs, plants or lawns, on the "residence premises," for loss
> caused by the following Perils Insured Against: Fire or lightning,
> Explosion, Riot or civil commotion, Aircraft, Vehicles not owned
> or operated by a resident of the "residence premises," Vandalism
> or malicious mischief or Theft.
>
> We will pay up to 5% of the limit of liability.

## The Insured Property

5.    "Eagles Crest" is a residential airpark, wherein property owners who are also

aviators live on a private airstrip. Property owners such as plaintiffs may, if they elect, build

hangars in which to store their personal aircraft.

6.    Located on plaintiffs' parcel of land was one (1) single-family residential

dwelling, together with one (1) aircraft hangar ("the Hangar").

7.    The Hangar was constructed after plaintiffs moved into their home, at which time

plaintiffs equipped the Hangar with electricity, heat, running water, and sewer/septic service.

Located within the Hangar were, among other things, a refrigerator, a television set, two-way

radios, and a study used by plaintiff Joseph Jadczak ("Mr. Jadczak").

5

8. Plaintiffs stored one (1) aircraft within the Hangar, together with a recreational vehicle ("the RV") and associated items.

9. At all times relevant herein, the RV was neither registered nor titled in Delaware or any other state, and the RV was not covered by any policies of automobile insurance.

10. From time to time prior to the events giving rise to the allegations set forth in this Complaint, plaintiffs would use the RV as a spare bedroom, usually when hosting relatives, by hooking the RV up to the power, water, and sewer/septic lines located in the Hangar.

## The Fire

10. On or about May 29, 2006, a fire occurred in the Hangar ("the Fire").

11. The Fire resulted in the total destruction of the hangar and its contents, including the RV, with the exception of plaintiffs' airplane, which Mr. Jadczak was able to remove from the Hangar without damage.

12. The Fire also caused damage to plaintiffs' home.

13. Multiple fire companies responded to the Fire, which was investigated by the Delaware State Fire Marshal's Office.

14. The Fire was determined to be accidental in nature.

15. Plaintiffs immediately notified defendant of the Fire.

16. Despite being immediately notified of the Fire, defendant failed to promptly send an adjuster to the scene of the fire to obtain photographic evidence of the Fire and to preserve evidence and materials that would assist defendant in pursuing a subrogation claim. Instead, defendant sent Chap Chancellor, AIC, an independent adjuster, to meet with plaintiffs some weeks after the fire to obtain a statement of their losses, and then failed to instruct Mr. Chancellor to obtain a sworn proof of loss statement from plaintiffs.

6

17.    In addition, defendant failed to retain a cause-and-origin investigator determine the nature of the Fire.

18.    Plaintiffs timely submitted proof of their losses to defendant.

## Homesite Issues a Lengthy Reservation-Of-Rights Letter

19.    On or about June 27, 2006, Maria Loffredo, a "Large Loss Specialist" employed by defendant, sent plaintiffs a reservation of rights letter ("ROR Letter"). The ROR Letter contained numerous misstatements of fact and/or misrepresentations, including, but not limited to, the following:

(a)    That the Fire was "an alleged fire", when in fact the Fire occurred and was reported in several local media outlets and defendant was immediately notified of it;

(b)    That "an old battery charger" had been plugged into the RV at the time of the Fire "for at least three (3) years", when in fact the battery charger had been only plugged in overnight;

(c)    That it was "unclear" whether the Hangar was used for a business purpose, when in fact plaintiffs specifically represented to defendant and its agents, servants, and/or employees that the Hangar and its contents were used solely for personal matters;

(d)    That the RV had been "allegedly damaged", when in fact it had been totally destroyed by the Fire.

20.    The ROR Letter further represented that defendant would provide plaintiffs "with a coverage determination upon completion of our investigation" and also requested "an additional 60 days in which to investigate" the Fire and its attendant losses. The ROR Letter further demanded that plaintiffs produce additional information and documentation to defendant in support of their claim, which plaintiffs produced.

7

## Homesite Retains Attorneys Not Licensed in Delaware to Conduct an Examination Under Oath of Plaintiffs and to Provide Legal Opinions

21. Shortly after issuing the ROR Letter, without affording plaintiffs an opportunity to respond to the items requested in the ROR Letter, defendant retained the Michigan law firm of Merry, Farnan & Ryan, P.C. ("MFR") to conduct an examination under oath ("EUO") of plaintiffs and to provide legal opinions concerning defendant's obligation to plaintiffs under the Policy.

22. By letter dated July 7, 2006, Michael T. Ryan, Esquire of MFR—a Michigan attorney not licensed in Delaware—notified plaintiffs of his intention to take their examination under oath, and unilaterally scheduled the examination for August 21, 2006.

23. Attached to Ryan's letter of July 7, 2006 was a document entitled "The Rights of an Insured When Providing an Examination Under Oath." This document set forth seven purported "rights" which plaintiffs allegedly possessed in connection with their examination under oath. However, this document made no reference to either the Policy or applicable Delaware law.

24. The "rights" set forth in the aforementioned document included, in pertinent part:

"(3) An examination under oath may only be conducted upon reasonable notice, at a reasonably convenient place and for a reasonable length of time."

"(5) The insurer shall notify the insured that, upon request and free of charge, it will provide the insured with a copy of the transcript of the proceedings and a tape of the proceedings, if one exists."

25. However, contrary to this listing of plaintiffs' alleged "Rights", MFR, acting at the behest of defendant, initially unilaterally scheduled plaintiffs' EUO without consulting them,

8

and also failed to reimburse plaintiffs for the cost of the transcript of their EUO, despite requests to do so.

26.    Plaintiff Joseph Jadczak's EUO was taken on October 3, 2006, after defendant, through counsel, agreed to waive plaintiff Catherine Jadczak's EUO.

27.    The aforementioned EUO was taken by attorney Jeffrey M. Smythe, an associate attorney with MFR, who was also not licensed to practice law in Delaware.

28.    Said EUO lasted many hours in duration and made inquiry with plaintiff Joseph Jadczak into practically each and every item of personal property which plaintiffs alleged was destroyed in the Fire.

## Homesite Provides a Vague Settlement Offer in the Form of a "Sworn Statement in Proof of Loss" Without Explaining the Basis of the Offer

29.    Despite the length and overly searching breadth of the EUO, defendant did not provide plaintiffs with any offer to pay any part of their claim until over one month later, when, on November 10, 2006, Loffredo forwarded plaintiffs' attorney a "Sworn Statement in Proof of Loss" ("POL") which required plaintiffs to release all claims against defendant in exchange for payment of the sum of $122,116.95.

30.    However, the various schedules on the POL forwarded by Loffredo were completely blank, and neither specified the policy forms applicable to the loss nor the items, loss amount, and actual cash value of the personal property which defendant offered to pay.

31.    Not until plaintiffs' counsel inquired into the basis of the offer presented by defendant did Smythe provide plaintiffs' counsel with a breakdown of the amounts contained in the offer.

32.    Specifically, Smythe indicated that defendants' offer consisted of the following:
       **Coverage A**

9

| Building repairs: | $ 3,584.74 |
|---|---|
| Landscaping repairs: | $21,772.00 |
| **Total:** | **$25,356.74** |

**Coverage B**

| Policy limits | $62,200.00 |
|---|---|
| 5% debris surcharge | $ 3,110.00 |
| **Total:** | **$65,310.00** |

**Coverage C**

| Personal property | $45,646.89 |
|---|---|
| Depreciation | $14,196.68 |
| **"Actual cash value"** | |
| **of personal property:** | **$31,450.22** |

33.    However, at that time, neither Smythe, Loffredo, nor any other representative of

defendant pr MFR indicated to plaintiffs or their counsel:

(a)    Why defendant did not afford coverage for the loss of the Hangar under

Coverage A;

(b)    The basis of the calculation for its offer to reimburse plaintiffs for their

destroyed personal property under Coverage C;

(c)    What, if any, claims submitted by plaintiffs were being denied, and for

what reason.

34.    In fact, plaintiffs had submitted evidence to defendant of losses totaling at least

$294,387.50 as follows:

| (1) | Rebuilding hangar: | $210,000.00 |
|---|---|---|
| (2) | Replacement of RV: | $24,430.00 |
| (3) | Replacement of tow dolly: | $1,800.00 |
| (4) | Replacement of radios: | $18,000.00 |
| (5) | Replacement of cargo ramp: | $575.00 |
| (6) | Replacement of two-way radios: | $18,000.00 |
| (7) | Replacement of various other | |
| | personal property: | $35,801.90 |
| (8) | Landscaping repair: | $21,772.00 |

10

36.     In addition, plaintiffs submitted evidence to defendant, both in writing and at Mr.
Jadczak's EUO, that plaintiffs were paying a neighbor rent in the amount of approximately
$400.00 per month to house their personal airplane until the Hangar could be rebuilt.

35.     Yet, notwithstanding the clear proof plaintiffs provided to defendant of their
$294,387.50 claim for property damage, and plaintiffs' ongoing payment of rent for their
airplane, defendant failed to pay or commit itself to pay the claim.

36.     Moreover, defendant neither accepted nor denied plaintiffs' claim, whether orally
or in writing, nor did defendant ever provide a "final coverage determination" to plaintiffs, as
defendant had committed to do in the June 27, 2006 ROR Letter.

## COUNT I - DECLARATORY JUDGMENT

37.     Plaintiffs repeat and incorporate by reference the allegations set forth in
paragraphs 1 through 36 above.

38.     Plaintiffs and defendant have been unable to agree on defendant's obligation to
plaintiffs. Therefore, a case in controversy presently exists between the parties.

39.     Plaintiffs seek a declaration from this Court pursuant to the Declaratory Judgment
Act, 10 *Del. C.* § 6501 *et seq.*, and SUPER. CT. CIV. R. 57 concerning the rights and obligations of
the parties to this action as follows:

(a)     Whether the Policy is sufficiently vague or ambiguous as to place
plaintiffs' claim for the total loss of the Hangar within "Coverage A – Dwelling" of the Policy;

(b)     Whether the Policy is sufficiently vague or ambiguous as to place
plaintiffs' claim for the total loss of the RV within "Coverage C – Personal Property" of the
Policy;

11

(b)    Whether the Hangar constitutes an "insured location" and/or a "residence premises" under "Coverage A – Dwelling" of the Policy;

(c)    Whether the RV is covered under "Coverage C – Personal Property" of the Policy.

40.    An award of declaratory relief by this Court will terminate some or all of the existing controversy between the parties.

**WHEREFORE,** plaintiffs pray that this Honorable Court enter an order declaring the rights and obligations of the parties hereto.

## COUNT II – DEBT/BREACH OF CONTRACT

41.    Plaintiffs repeat and incorporate by reference the allegations set forth in paragraphs 1 through 40 above.

42.    Defendant has breached the terms of the Policy by failing and refusing to honor plaintiffs' claims in whole.

43.    Defendant has further breached the terms of the Policy by engaging in the course of conduct set forth above.

44.    As a result of defendant's aforementioned conduct in connection with the handling and processing of plaintiffs' claim, including, but not limited to, their failure to accept and pay for the total amount of the loss of the Hangar under Coverage A of the Policy, plaintiffs have sustained financial losses, including, without limitation, securing a personal loan to finance the rebuilding of the Hangar; the unreimbursed cost of securing the transcript from Mr. Jadczak's EUO; refinancing their mortgage to secure additional funds to replace their personal property; and expending attorney's fees to vindicate their rights under the Policy.

12

45. Defendant is indebted to plaintiffs in the amount of at least $172,320.54, representing the portion of their claim which was unpaid by defendants, together with approximately $35,000.00 in closing costs for their refinancing, hangar rent, interest on the aforementioned loan, and other associated expenses.

**WHEREFORE,** plaintiffs demand judgment in their favor in the amount of $207,320.54, together with interest, attorney's fees pursuant to 18 *Del. C.* § 4102, and the costs of this action.

## COUNT III – BAD FAITH

46. Plaintiffs repeat and incorporate by reference the allegations set forth in paragraphs 1 through 45 above.

47. Defendant breached the duty of good faith and fair dealing inherent in all insurance contracts, in that it:

    (a)    Failed to timely investigate plaintiffs' property damage claim;

    (b)    Failed to assign a cause-and-origin investigator to plaintiffs' property damage claim to determine the cause of the fire and any subrogation potential;

    (c)    Issued a lengthy and vague reservation-of-rights letter which failed to place plaintiffs on notice of the reason for the dispute of their claim;

    (d)    Assigned a non-Delaware law firm to conduct an investigation under oath of plaintiffs and, upon information and belief, render a coverage opinion;

    (e)    Permitted its non-Delaware lawyers to issue a document purporting to set forth plaintiffs' "rights" concerning their examination under oath when in fact those "rights" were violated;

    (f)    Delayed the investigation of plaintiffs' claim;

    (g)    Failed to timely pay plaintiffs' claim, resulting in plaintiffs incurring significant out-of-pocket losses; and

    (h)    Otherwise committed acts constituting bad faith which will be determined in discovery.

13

48.     As a direct and proximate result of defendants' bad faith, as aforementioned, plaintiffs incurred significant losses, inconvenience, and financial hardship.

49.     As a result of defendants conduct, plaintiffs demand punitive damages to punish and make an example of defendant to deter other similarly situated insurers from engaging in similar conduct.

**WHEREFORE,** plaintiffs demand judgment in their favor for general and punitive damages, together with interest and the costs of this action.

**PERRY & SENSOR**

By: ___ /s/ Michael L. Sensor _____
    Michael L. Sensor, Esquire
    Delaware Bar ID No. 3541
    One Customs House, Suite 560
    P.O. Box 1568
    Wilmington, DE 19899-1568
    Telephone: (302) 655-4482
    Attorney for Plaintiffs

Dated: May 25, 2007

EFiled: May 25 2007 3:36PM EDT
Transaction ID 15018570
Case No. 07C-05-030 ESB

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR SUSSEX COUNTY

| | |
|---|---|
| JOSEPH JADCZAK and CATHERINE JADCZAK, | ) ) ) |
| Plaintiffs, | ) ) ) C.A. No. |
| v. | ) ) NON-ARBITRATION |
| HOMESITE INSURANCE COMPANY, | ) ) JURY TRIAL DEMANDED |
| Defendant. | ) |

**THE STATE OF DELAWARE,**
**TO THE SHERIFF OF KENT COUNTY:**

### *YOU ARE COMMANDED:*

To summon the above defendant so that, within 20 days after service hereof upon defendant, exclusive of the day of service, defendant shall serve upon Michael L. Sensor, Esquire, plaintiff's attorney, whose address is One Customs House, Suite 560, P.O. Box 1568, Wilmington, DE 19899, an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

To serve upon defendant a copy hereof and of the complaint (and of the affidavit of demand if any has been filed by plaintiff).

Dated:

JOYCE COLLINS
*Prothonotary*

Per Deputy

TO THE ABOVE DEFENDANT:

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney named above an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

JOYCE COLLINS
*Prothonotary*

Per Deputy

EFiled: Jun 21 2007 2:09
Transaction ID 15315799
Case No. 07C-05-030 ES

# Sheriff's Return

Served the within Writ of Summons together with a copy of the Complaint upon:

HOMESITE INSURANCE COMPANY

by delivering to and leaving in the hands of **Matthew Denn,** Insurance Commissioner of the State of Delaware, true copies of the said Writ together with a copy of the plaintiff's:

SUMMONS/COMPLAINT

together with the sum of $ 25.00 Dollars, as prescribed by Title 18 Delaware Code Section 525 this day, Tuesday, June 12, 2007.

So Answers,

Jim Higdon
Sheriff of Kent County

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY

| | |
|---|---|
| JOSEPH JADCZAK and CATHERINE JADCZAK, | ) ) ) |
| Plaintiffs, | ) ) |
| | ) C.A. No. 07C-05-030 ESB |
| v. | ) NON-ARBITRATION |
| HOMESITE INSURANCE COMPANY, | ) ) |
| | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I, Sean J. Bellew, hereby certify under penalty of perjury that, on this 11th day of July,

2007, a true and correct copy of the foregoing *Notice of Removal of Action Under 28 U.S.C.*

*§1441(b) (Diversity)* was served upon counsel of record in the manner indicated:

***Hand Delivery***
Michael L. Sensor, Esquire
Perry & Sensor
One Customs House, Suite 560
Wilmington, DE 19801

Dated: July 11, 2007

COZEN O'CONNOR

Sean J. Bellew (No. 4072)
Chase Manhattan Centre
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
Telephone:  (302) 295-2000
Facsimile:  (302) 295-2013

*Attorneys for Defendant,*
*Homesite Insurance Company*

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

0 7 - 4 3 1

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THIS FORM.)

**I. (a) PLAINTIFFS**
JOSEPH JADCZAK and CATHERINE JADCZAK

**DEFENDANTS**
HOMESITE INSURANCE COMPANY

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Sussex County, Delaware
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Michael L. Sensor, Perry & Sensor, One Customs House, Suite 560, P.O. Box 1568,
Wilmington, DE 19899-1568
(302) 655-4482

ATTORNEYS (If Known)
Sean J. Bellew, Cozen O'Connor , Chase Manhattan Centre, 1201 North Market Street,
Suite 1400, Wilmington, DE 19801
(302) 295-2000

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 DIVERSITY (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-- | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury-- | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 810 Selective Service |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/ |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | Exchange |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 196 Franchise | Injury | | ☐ 730 Labor/Mgmt. Reporting | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | &Disclosure Act | | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 900 Appeal of Fee Determination |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS - Third Party | Under Equal Access |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | State Statutes |
| | Employment | ☐ 550 Civil Rights | | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | |
| | Other | | | | |
| | ☐ 440 Other Civil Rights | | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
(Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332
Brief description of cause:
Property damage claim arising from a fire

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ in excess of $204,320.54
Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASES(S) IF ANY** (See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE
July 11, 2007

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT# _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

**0 7 - 4 3 1**

Civil Action No. _____

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ 2 _____ COPIES OF AO FORM 85.

____7/11/07____
(Date forms issued)

_____
(Signature of Party or their Representative)

_____
(Printed name of Party or their Representative)

**Note: Completed receipt will be filed in the Civil Action**