IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOSEPH JADCZAK and CATHERINE JADCZAK, | ) ) ) | C.A. No. 07-431 (GMS) |
| Plaintiffs, | ) ) | |
| | ) | ANSWER AND AFFIRMATIVE |
| v. | ) ) | DEFENSES |
| HOMESITE INSURANCE COMPANY, | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

Defendant, HOMESITE INSURANCE COMPANY ("Homesite"), by its attorneys, Cozen O'Connor, hereby answers the Complaint filed by plaintiffs JOSEPH and CATHERINE JADCZAK, contending as follows:

## NATURE OF THE ACTION

1.  Denied. The allegations of paragraph 1 of plaintiffs' Complaint represent conclusions of law to which no response is required. To the extent that it is deemed that a response is required, the allegations are denied.

2.  It is admitted only that plaintiffs are entitled to, and have been paid for, that part of the loss that is covered by the policy at issue. All other allegations contained in paragraph 2 are denied.

## THE PARTIES

3.  The allegations contained in paragraph 3 are denied for lack of sufficient knowledge or information.

4.  Admitted.

## THE INSURANCE CONTRACT

5.  The allegations contained in paragraph 5 are denied for lack of sufficient knowledge or information.

6.  The allegations contained in paragraph 6 are admitted, except as to the policy number, which is 30318013.

7.  The allegations contained in paragraph 7 are admitted, except to add that said coverage is subject to the policy's terms, conditions and exclusions.

8.  Admitted.

9.  Admitted.

8.[1]  Admitted.

9.[2]  The allegations contained in paragraph 9 are admitted, except to add that said coverage is subject to the policy's terms, conditions and exclusions.

10. The allegations contained in paragraph 10 are admitted, except to add that said coverage is subject to the policy's terms, conditions and exclusions.

11. The allegations contained in paragraph 11 are admitted, except to add that said coverage is subject to the policy's terms, conditions and exclusions.

12. The allegations contained in paragraph 12 are admitted, except to add that said policy language is subject to the policy's other terms, conditions and exclusions.

---

[1] Several parts of Plaintiffs' Complaint are mis-numbered. Defendant's Answer will follow Plaintiffs' numbering.
[2] See footnote 1.

13. The allegations contained in paragraph 13 are admitted, except to add that said coverage is subject to the policy's terms, conditions and exclusions, and to add the following language at the end of the cited provision:

> We will pay up to 5% of the limit of liability that applies to the dwelling for all trees, shrubs, plants or lawns, No more than $500 of this limit will be available for any one tree, shrub or plant. We do not cover property grown for "business purposes."

## THE INSURED PROPERTY

5.[3]  The allegations contained in paragraph 5 are denied for lack of sufficient knowledge or information.

6. Admitted, upon information and belief.

7. The allegations contained in paragraph 7 are denied for lack of sufficient knowledge or information.

8. The allegations contained in paragraph 8 are denied for lack of sufficient knowledge or information.

9 The allegations contained in paragraph 9 are denied for lack of sufficient knowledge or information.

10. The allegations contained in paragraph 10 are denied for lack of sufficient knowledge or information.

---

[3] See footnote 1.

## THE FIRE

10.[4]    Admitted, upon information and belief.

11.    The allegations contained in paragraph 11 are denied for lack of sufficient knowledge or information.

12.    Admitted upon information and belief.

13.    The allegations contained in paragraph 13 are denied for lack of sufficient knowledge or information.

14.    Admitted upon information and belief.

15.    It is admitted only that plaintiffs notified Homesite promptly.

16.    Denied.

17.    Denied.

18.    The allegations contained in paragraph 18 are denied for lack of sufficient knowledge or information.

19.    It is admitted that a reservation of rights letter was sent to the Jadczaks on behalf of Homesite. The letter speaks for itself. All other allegations contained in paragraph 19 are denied.

20.    It is admitted that a reservation of rights letter was sent to the Jadczaks on behalf of Homesite. The letter speaks for itself.

---

[4] See footnote 1.

21. It is admitted only that Homesite issued a reservation of rights letter and retained the named counsel. All other allegations contained in paragraph 21 are denied.

22. The allegations contained in paragraph 22 are denied for lack of sufficient knowledge or information.

23. The allegations contained in paragraph 23 are denied for lack of sufficient knowledge or information.

24. The allegations contained in paragraph 24 are denied for lack of sufficient knowledge or information.

25. The allegations contained in paragraph 25 are denied for lack of sufficient knowledge or information.

26. Admitted upon information and belief.

27. Admitted upon information and belief.

28. Denied as stated. The length and subject matter of the EUO are presumably reflected in the EUO transcript.

29. Denied as stated. It is admitted only that Homesite offered to pay all undisputed portions of the claim.

30. Denied as stated. The alleged documents speak for themselves.

31. The allegations contained in paragraph 31 are denied for lack of sufficient knowledge or information.

32. The allegations contained in paragraph 32 are denied for lack of sufficient knowledge or information.

33. The allegations contained in paragraph 33 are denied for lack of sufficient knowledge or information.

34. Denied as stated. Plaintiffs' submissions speak for themselves.

36.[5] Denied as stated. Plaintiffs' submissions speak for themselves.

35. Denied as stated. Homesite paid all undisputed amounts.

36. Denied as stated. Homesite paid all undisputed amounts.

## COUNT I – DECLARATORY JUDGMENT

37. Homesite repeats and incorporates by reference its responses to the preceding paragraphs plaintiffs' Complaint as though fully set forth herein.

38. Admitted.

39. No response required. To the extent that a response is required, Homesite seeks a declaration that the answer to each of the questions stated is no.

40. No response required.

## COUNT II – DEBT/BREACH OF CONTRACT

41. Homesite repeats and incorporates by reference its responses to the preceding paragraphs of plaintiffs' Complaint as though fully set forth herein.

---

[5] See footnote 1.

6

42. Denied. The allegations of paragraph 42 of plaintiffs' Complaint represent conclusions of law to which no response is required. To the extent that it is deemed that a response is required, the allegations are denied.

43. Denied. The allegations of paragraph 43 of plaintiffs' Complaint represent conclusions of law to which no response is required. To the extent that it is deemed that a response is required, the allegations are denied.

44. Denied. The allegations of paragraph 44 of plaintiffs' Complaint represent conclusions of law to which no response is required. To the extent that it is deemed that a response is required, the allegations are denied.

45. Denied. The allegations of paragraph 45 of plaintiffs' Complaint represent conclusions of law to which no response is required. To the extent that it is deemed that a response is required, the allegations are denied.

## COUNT III – BAD FAITH

46. Homesite repeats and incorporates by reference its responses to the preceding paragraphs of plaintiffs' Complaint as though fully set forth herein.

47. Denied. The allegations of paragraph 47 of plaintiffs' Complaint represent conclusions of law to which no response is required. To the extent that it is deemed that a response is required, the allegations are denied.

48. Denied. The allegations of paragraph 48 of plaintiffs' Complaint represent conclusions of law to which no response is required. To the extent that it is deemed that a response is required, the allegations are denied.

49.     Denied. The allegations of paragraph 49 of plaintiffs' Complaint represent conclusions of law to which no response is required. To the extent that it is deemed that a response is required, the allegations are denied.

**WHEREFORE**, HOMESITE INSURANCE COMPANY seeks judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with such other and further relief as this Court deems just and proper.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Policy issued by Homesite to plaintiffs does not provide coverage for the portion of plaintiffs' claims that remains at issue. Plaintiffs' claims are barred by the terms, provisions, limitations, conditions, definitions, exclusions and endorsements contained in the Policy, all of which are incorporated by reference herein.

### THIRD AFFIRMATIVE DEFENSE

Any obligation to indemnify or provide coverage to plaintiffs, which defendant expressly denies, must be reduced by any other available insurance.

### FOURTH AFFIRMATIVE DEFENSE

The Policy contains limits of insurance. In the event that any liability to indemnify plaintiffs is determined, the amount of coverage is restricted to the policy limits.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs failed to use reasonable means to mitigate or minimize their damages, coverage is not available.

### SIXTH AFFIRMATIVE DEFENSE

Homesite at no time breached any contractual or other legal duty owed to plaintiffs.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or part, by the doctrines of waiver, estoppel, unclean hands and/or laches.

## EIGHTH AFFIRMATIVE DEFENSE

Coverage is barred in whole or in part by the fact that the property claimed was not plaintiffs' dwelling, resident premises, or personal property as defined and limited by the policy's terms, conditions and exclusions.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for attorneys fees.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for punitive damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for bad faith.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for debt/breach of contract.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint does not describe the claims made with sufficient particularity to enable Homesite to determine what additional defenses it may have in response to plaintiffs' Complaint. Homesite, therefore, reserves the right to assert any additional defenses that may be pertinent to plaintiffs' claim once the precise nature of the claims are ascertained during the course of litigation.

**WHEREFORE**, HOMESITE INSURANCE COMPANY seeks judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with such other and further relief as this Court deems just and proper.

Dated: August 10, 2007

/s/ Sean J. Bellew
Sean J. Bellew (#4072)
Cozen O'Connor
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013

*Counsel for Defendant*

OF COUNSEL:
Melissa F. Brill, Esquire
Cozen O'Connor
45 Broadway Atrium, 16th Floor
New York, NY 10006
Telephone: (212) 509-9400

## CERTIFICATE OF SERVICE

I, Sean J. Bellew, Esquire, do hereby certify that on August 10, 2007, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing to the following counsel of record:

Michael L. Sensor, Esquire
Perry & Sensor
One Customs House, Suite 560
P.O. Box 1568
Wilmington, DE 19899

_____
Sean J. Bellew (#4072)