## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH JADCZAK and CATHERINE JADCZAK, | ) )  ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 07-431 GMS ) ) |
| HOMESITE INSURANCE COMPANY, | ) ) |
| Defendant. | ) |

## JOINT STATUS REPORT

1.    **Jurisdiction and Service.**

(a)    **Does the court have subject matter jurisdiction?**   Yes. This is a diversity action where the amount of damages sought by plaintiff exceeds $75,000.00.

(b)    **Are all parties subject to the court's jurisdiction?** Yes. Plaintiffs are residents of the State of Delaware. Defendant is a Connecticut Insurance Company.

(c)    **Do any remain to be served?** No.


2.    **Substance of the Action.** What are the factual and legal bases for plaintiffs' claims and defendant's defenses?

(a)    Plaintiffs:

Plaintiffs allege that defendant breached a casualty insurance policy issued to them by failing to fully indemnify them for losses resulting from a fire which occurred on May 29, 2006 in a hangar on their property at 29555 Eagles Crest Drive, Milton, Delaware 19968. That fire completely destroyed the hangar as well as an unregistered, uninsured recreational vehicle which was being stored therein.


(b)    Defendant:

Defendant denies that it has breached the insurance policy issued to plaintiffs.  All covered claims have been paid.  Plaintiffs seek additional coverage for the loss of an airplane hanger under Coverage A.  The hangar is an other structure, covered under Coverage B, which limits have been paid.  Plaintiffs seek coverage for an RV parked in the hangar under Coverage C.  Coverage C has a motor vehicle exclusion which precludes coverage for the RV.  Plaintiffs

seek coverage for the cost of renting another hangar to store their airplane under Coverage D. Coverage D provides certain coverage for additional living expenses only when the residence premises is rendered unfit to live in by a covered cause of loss.  Here, the residence premises was barely damaged and plaintiffs continued to live there, so there is no Coverage D loss.

**3.     Identification of Issues. What factual and legal issues are genuinely in dispute?**

(a)     Whether plaintiffs are entitled as a matter of fact and law to indemnification under the Homesite policy for the total loss by fire of their hangar, and the unregistered recreational vehicle located therein;

(b)     Whether plaintiffs are entitled as a matter of fact and law to indemnification under the Homesite policy for certain personal property located in the hangar which was destroyed in the fire; and

(c)     Whether the defendant's handling of plaintiffs' claim for fire damage and destruction to their real and personal property as a result of the fire constituted a breach of the covenant of bad faith and fair dealing underlying all insurance contracts under Delaware law.

**4.     Narrowing of Issues.**

**(a)     Can the issues in litigation be narrowed by agreement or by motions?** The parties believe that the issues pertaining to plaintiffs' claim for indemnification for the destruction and loss by  fire of their real and personal property can be significantly narrowed. Defendant expects that the Court will find that it did not breach the insurance policy, and so acted in good faith.  However, the issue of whether the handling of plaintiff's claim constituted bad faith is a matter of fact to be determined at trial.

**(b)     Are there dispositive or partially dispositive issues appropriate for decision on motion?** Yes. The parties believe that all coverage issues can be resolved by motion. Defendant believes that the decision on such motion will render the bad faith issue moot. Plaintiffs concede that the issue of bad faith will be moot only if the coverage issues are determined in favor of defendant.

**5.     Relief. What specific relief do plaintiffs seek? What is the amount of damages sought and generally how is it computed?**

(a)     Plaintiffs seek compensatory damages for the loss and destruction of their real and personal property as set forth below. This constitutes actual costs paid by plaintiffs out of pocket or otherwise incurred and not reimbursed:

(1)     Rebuilding hangar:                $210,000.00
(2)     Replacement of RV:               $24,430.00

2

  (3)  Replacement of other personal property:

     (a) Tow dolly:          $1,800.00
     (b) Cargo ramp:         $575.00
     (c) Two-way VHF radios:     $19,101.00
     (d) Miscellaneous personal property: $35,801.90

  (4)  Landscaping repair:       $21,772.00

  Subtotal:              $313,479.90
  Less amount paid by carrier:     ($136,313.63)
  Equals amount claimed by plaintiffs:  $177,166.27

 (b) Plaintiffs also claim the following extracontractual damages:

  (1)  Rental for replacement hangar:  $4,800.00
  (2)  Settlement costs for refinancing residence
     to fund reconstruction of hangar:  $9,214.61
  (3)  Attorney's fees pursuant to 18 *Del. C.* §
     4102[1]:           To be determined

 **TOTAL DAMAGES:**        **$191,180.88**
 (exclusive of attorney's fees)

  (b) Plaintiffs seek compensatory damages in an amount to be determined by the jury resulting from the alleged breach of the covenant of bad faith and fair dealing committed by defendant in connection with the handling of plaintiffs' claim.

  **6.**  **Amendment of Pleadings?** Plaintiffs anticipate amending the Complaint to name the insurance agency which placed the Homesite policy on a theory of negligence for failure to secure an insurance policy which properly insured all of plaintiffs' real and personal property, including property secured by plaintiff's mortgage.

  **7.**  **Joinder of Parties?** See response to Paragraph No. 6 above.

  **8.**  **Discovery.**

  (a)  **Discovery contemplated by each party and the amount of time it may take to complete discovery?**

---

[1] 18 *Del. C.* § 4102 provides for an award of attorney's fees to an insured if successful in litigation against an insurer providing first-party property insurance coverage to the insured.

(1)    Plaintiffs: Plaintiffs anticipate taking the deposition of defendant's corporate representative(s) pursuant to Fed. R. Civ. P. 30(b)(6) as well as any adjusters who made claims decisions on plaintiffs' claim. Plaintiffs do not expect that more than twenty (20) hours of deposition time will be necessary.  In addition, plaintiffs intend to propound Interrogatories and Requests for Production upon defendant.

(2)    Defendants:   Defendant anticipates taking the deposition of plaintiffs, as well as any other witnesses pertinent to plaintiffs' claims.  Defendants do not expect that more than twenty (20) hours of deposition will be necessary.  Defendants will also propound Interrogatories and Requests for Production upon plaintiff.

**(b)    Can discovery be limited?**  The parties believe that depositions of plaintiffs and defendant's representatives and others, as well as written discovery, as set forth in Paragraph 8(a) *supra*, should be sufficient to place this matter in a position for dispositive motions as to the issues of indemnity under the Homesite policy.

**(c)    Are less costly and timeconsuming methods available to obtain necessary information?**  The parties have already engaged in informal exchange of documents and will continue to work together to exchange information to avoid the burdens of formal discovery.

9.    **Estimated trial length.**  Four (4) days.

**(a)    Is it feasible or desirable to bifurcate issues for trial?** Plaintiff opposes bifurcation of the issues in this matter.  Defendant seeks bifurcation of the bad faith claims.

**(b)    Is it possible to reduce the length of the trial by stipulations, use of summaries or statements, or other expedited means of presenting evidence?** There is no dispute between the parties as to (1) the origin of the fire (inside the hangar); (2) the cause of the fire (accidental); (3) the amounts paid by plaintiffs to replace and/or repair their damaged and destroyed property. As such, the parties believe that this evidence can be presented by summary or stipulation.

10.    **Jury trial?**  Plaintiffs have demanded a jury trial on all issues so triable.

11.    **Settlement.**

**(a)    Have there been settlement discussions?**  Not as of the present date.

**(b)    What are the prospects for settlement?** Unknown at this time until discovery is conducted. However, the parties will engage in good-faith settlement discussions.

**(c)    Is referral to the Magistrate for mediation or other ADR mechanism appropriate?** The parties agree that referral to the Magistrate for ADR is appropriate.

12. **Such other matters as counsel considers conducive to the just, speedy and inexpensive determination of this action.** Not applicable.

13. **A statement that counsel for the parties have conferred about each of the above.** All counsel for the parties have conferred concerning the matter set forth above, and this Joint Status Report is the product of such discussions.

**PERRY & SENSOR**


By:   /s/ Michael L. Sensor
      Michael L. Sensor, Esquire
      Delaware Bar ID No.  3541
      One Customs House, Suite 560
      P.O. Box 1568
      Wilmington, DE 19899-1568
      Telephone: (302) 655-4482
      Attorney for Plaintiffs

Dated: January 2, 2008

**COZEN O'CONNOR**


By:  /s/ Sean J. Bellew, Esquire
      Sean J. Bellew, Esquire
      Delaware Bar ID No. 4072
      Suite 1400, Chase Manhattan Center
      1201 North Market Street
      Wilmington, DE 19801-1147
      Telephone: (302) 295-2026
      Attorney for Defendant

Dated: January 2, 2008

**OF COUNSEL:**

Melissa F. Brill, Esquire
**COZEN O'CONNOR**
45 Broadway Atrium, 16th Floor
New York, NY 10006
Telephone: (212) 908-1257
Attorney for Defendant