IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH JADCZAK and CATHERINE JADCZAK, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) C.A. No. 07-431 (GMS) |
| HOMESITE INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) |

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
<u>DIRECTED TO PLAINTIFFS</u>**

Pursuant to Federal Rule of Civil Procedure 34, and subject to the Definitions and Instructions set forth below, Defendant Homesite Insurance Company ("Homesite"), by and through its undersigned counsel, hereby requests that Plaintiffs Joseph Jadczak and Catherine Jadczak ("Plaintiffs") produce or permit Defendant to inspect and copy the original documents and things described herein no later than thirty (30) days after service of these requests, at the law offices of Cozen O'Connor, 1201 North Market Street, Wilmington, Delaware 19801.

**DEFINITIONS**

A.   The uniform definitions set forth in the Local Civil Rules of the United States District Court of the District of Delaware are incorporated by reference as if fully set forth herein.

B.   "You" or "Your" shall mean plaintiffs, Joseph and Catherine Jadczak and any of their employees, attorneys, agents or representatives and all other persons acting on their behalf.

C.   To the extent that requested documents have already been produced, please identify those documents in response hereto.

**INSTRUCTIONS**

These instructions are not to be interpreted to limit, in any way, applicable instructions under the Federal Rules of Civil Procedure, and the instructions should be given the most liberal interpretations so as to provide for the broadest appropriate discovery as possible.

A.    In responding to these Requests, you are required to furnish all information available to you, including, but not limited to, information in the possession or control of your attorneys, experts, advisors, agents or associates.

B.    If any information requested herein is claimed to be privileged or otherwise protected from discovery, you are requested to identify in writing, with particularity, the basis for such claim(s), and - in the case of any document withheld from production - to identify in writing consistent with the applicable Rules of Civil Procedure:

   (1)    its author;

   (2)    the recipients;

   (3)    the date of creation/receipt;

   (4)    its general nature and subject matter;

   (5)    its present location and custodian; and

   (6)    the basis upon which it is claimed to be privileged or otherwise protected from discovery or withheld from production.

C.    You are requested and obligated to supplement your answers to these Requests as additional information becomes available to you at any time during the pendency of this matter.

## DOCUMENT REQUESTS

1.    All documents identified in your responses to Homesite's Interrogatories to Plaintiffs.

2.    A complete, certified copy of each and every policy identified by you in your answer to Homesite's Interrogatories served herewith.

3.    A copy of each and every receipt or other document you relied upon in arriving at the total amount you claim Homesite failed to pay you, as outlined in your answer to Homesite's Interrogatories served herewith. For items for which you are claiming coverage as "contents," please produce a copy of each and every document evidencing the date said item was purchased, from whom it was purchased, the paid purchase price and condition of the item at the time of purchase.

4.    If you have consulted with or retained any expert witnesses, please provide a copy of any and all reports they have provided or prepared, whether final or draft versions, along with any and all notes and/or correspondence of any kind whatsoever relating to those reports.

5.    A copy of any and all documents you have and/or are aware of that support the allegations made by you that Homesite failed to timely or fully adjust your claim.

6.    A copy of any and all documents you have and/or are aware of that support the allegations made by you that Homesite breached its contract with you regarding the handling of your claim.

7. A copy of any and all documents you have and/or are aware of that support the allegations made by you that Homesite acted in bad faith regarding the handling of your claim.

8. A copy of any and all exhibits that you intend to use at the trial of this matter.

9. A copy of any and all checks, receipts or other documents that you believe evidence your repair and/or replacement of any damage caused by the May 29, 2006 fire.

10. A copy of any and all photographs, estimates, applications, correspondence or other documents that you contend support your claim for damages in this action.

11. A copy of any and all documents, including but not limited to mortgage papers, that evidence your ownership of the property you allege is covered by your Homesite policy of insurance.

12. A copy of any and all documents that evidence your ownership of the recreational vehicle you allege is covered by your Homesite policy of insurance.

13. A copy of each and every document you relied upon in determining the total amount of your claim for Additional Living Expenses (ALE).

14. A copy of each and every document you would rely upon to prove the occurrence, content, date or any other element concerning each and every contact or communication you claim to have made with Homesite at any time from May 29, 2006 to the present.

15. All documents you intend to offer as exhibits at trial.

Dated: April 11, 2008

Sean J. Bellew (#4072)
Cozen O'Connor
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013

*Counsel for Defendant*

OF COUNSEL:
Melissa F. Brill, Esquire
Cozen O'Connor
45 Broadway Atrium, 16th Floor
New York, NY 10006
Telephone: (212) 509-9400