IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH JADCZAK and CATHERINE JADCZAK,<br><br>Plaintiffs,<br><br>v.<br><br>HOMESITE INSURANCE COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 07-431 (GMS)<br>)<br>)<br>)<br>) |

### DEFENDANT'S ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendant Homesite Insurance Company ("Homesite"), by its attorneys, Cozen O'Connor, hereby responds to plaintiffs' First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

A.   Homesite objects to plaintiffs' Interrogatories to the extent that they purport to require more information than is authorized under the applicable rules.

B.   Homesite objects to plaintiffs' Interrogatories to the extent that they are vague, ambiguous or overly broad, and call for information that is neither material nor necessary for the prosecution or defense of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

C.   Homesite objects to plaintiffs' Interrogatories to the extent that they seek information prepared in anticipation of, or preparation for, settlement, litigation or trial by Homesite and/or its representatives, or that they seek work product, mental impressions, conclusions, opinions or legal theories of Homesite's counsel and/or its representatives.

D.   Homesite objects to plaintiffs' Interrogatories to the extent that they impermissibly seek to limit Homesite's trial strategy by calling for the identification of facts, documents and/or witnesses that have yet to be identified, evaluated and/or created. Homesite reserves the right to offer testimony and documents into evidence that were not yet identified or created at the time this response was prepared, and to supplement this response as necessary during the course of the litigation.

E.   Homesite objects to plaintiffs' Interrogatories to the extent that they call for the production of proprietary, confidential or commercially sensitive business information that is not

reasonably calculated to lead to the discovery of admissible evidence or whose limited relevance, if any, is outweighed by the prejudice to Homesite from disclosing that information.

F.  Homesite objects to plaintiffs' Interrogatories to the extent that they seek information or material protected by the attorney-client privilege.

## OBJECTIONS AND PRIVILEGES NOT WAIVED

G.  The information disclosed pursuant to this response is made without waiving, or intending to waive, but on the contrary intending to preserve and preserving: (a) the right to object on the grounds of competency, privilege, relevancy, materiality, or any other proper grounds, to the use of information for any other purpose, in whole or at least in part, in any subsequent step or proceeding in this action or any other action; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery procedures involving or relating to the subject matter of plaintiffs' Interrogatories to which Homesite responded herewith; and (c) the right at any time to revise, correct, add to, or clarify any of the responses propounded herewith.

## INTERROGATORY 1

At any time since January 1, 2005, has Homesite provided or presented any written or recorded guidelines, instructions, standards or training materials to its employees, agents, or other representatives with respect to the handling of claims under residential homeowners' property and/or casualty insurance policies (including, without limitation, claims for damage to or destruction of property by fire)?

1.  Objection. Plaintiffs' Interrogatory calls for the production of proprietary, confidential or commercially sensitive business information that is not reasonably calculated to lead to the discovery of admissible evidence. Further, any limited relevance is outweighed by the prejudice to Homesite from disclosing that information.

## INTERROGATORY 2

With respect to your response to Interrogatory No. 1 above, identify all persons involved in the drafting, preparation or creation of the guidelines, instructions, standards or training materials to which that Interrogatory refers.

2.  See answer to Interrogatory 1.

**INTERROGATORY 3**

With respect to your response to Interrogatory No. 1 above, identify all documents which refer to, relate to or constitute evidence of the subject matter of your response to that Interrogatory.

3.  See answer to Interrogatory 1.

**INTERROGATORY 4**

With respect to any documents responsive to plaintiffs' First Set of Requests for Production of Documents, but withheld by you under claim of privilege or protection:
   a.   Identify each such document;

   b.   Describe each such document by type or title;

   c.   State the date of each such document;

   d.   Identify all authors, recipients and copyees of each such document;

   e.   Describe in detail the subject matter of each such document; and

   f.   Identify the precise privilege or protection you claim for each such document.

4.  See Privilege Log, provided with Homesite's Initial Disclosures.

**INTERROGATORY 5**

Identify each person involved in the investigation, processing, handling, or evaluation of the Claims, regardless of whether or not such person was an employee, agent, and/or servant of Homesite.

5.  See Homesite's Initial Disclosures.

**INTERROGATORY 6**

State the basis of Homesite's contention that the Hangar (as that term is used in the Complaint) is not covered under "Coverage A – Dwelling" of the Policy, providing in your response each and every bit of evidence known to Homesite supporting this contention.

6.    The Policy's Coverage A provides coverage for the dwelling on the residence premises. The Policy's Coverage B provides coverage for *other structures* on the residence premises *set apart from the dwelling by clear space*. The airplane hangar is an other structure, set apart from the dwelling by clear space. As a matter of law, the Policy, therefore, clearly and unambiguously covers the airplane hangar under Coverage B–Other Structures. Evidence supporting this contention includes, but is not limited to, the Policy, Mr. Jadczak's October 3, 2006 Examination Under Oath, Mr. Jadczak's Replacement Cost Questionnaire, a September 1, 2006 letter from Homesite to Mr. Jadczak, Endorsement HO 04 48 to Homesite Policy Number 30318013, and the very nature of the structures on the Jadczak property.

**INTERROGATORY 7**

State the basis of Homesite's contention that the RV (as that term is used in the Complaint) is not covered under "Coverage C - Personal Property" of "Section I - Property Coverages" of the Policy, providing in your response each and every bit of evidence known to Homesite supporting this contention.

7.    The RV is a Motor Vehicle or other motorized land conveyance. The Policy's Motor Vehicle exclusion clearly and unambiguously precludes coverage for Motor Vehicles and other motorized land conveyances. The Policy exception to the Motor Vehicle exclusion does not apply because (1) the RV was subject to registration and (2) the RV was not used to service the residence. Evidence supporting this contention includes, but is not limited to, the Policy, Mr. Jadczak's October 3, 2006 Examination Under Oath and the very nature and use of the RV.

## INTERROGATORY 8

State the basis of Homesite's failure to accept, pay, and/or commit itself to pay plaintiffs' claim for the destruction of their tow dolly.

8. Upon information and belief, Homesite did pay plaintiffs' claim for the destruction of their tow dolly.

## INTERROGATORY 9

State the basis of Homesite's failure to accept, pay, or commit itself to pay plaintiffs' claim for the destruction of their cargo ramp.

9. Upon information and belief, Homesite did pay plaintiffs' claim for the destruction of their cargo ramp.

## INTERROGATORY 10

State the basis of Homesite's failure to accept, pay, or commit itself to pay plaintiffs' claim for the destruction of their two-way radios.

10. Upon information and belief, Homesite did pay plaintiffs' claim for the destruction of their two-way radios, notwithstanding the fact that coverage for such equipment is precluded by Policy Section I, Coverage C, Exclusion 3(b), which precludes coverage for Motor Vehicles, including their electronic apparatus.

## INTERROGATORY 11

State the basis of Homesite's failure to accept, pay, or commit itself to pay the entirety of plaintiffs' claim for the destruction of their miscellaneous personal property in the amount of $35,801.90.

11. Upon information and belief, Homesite paid plaintiffs' entire covered contents claim. If there are claims for covered contents that remain unpaid, Homesite will pay those claims immediately.

**INTERROGATORY 12**

State whether Homesite based any coverage determination in connection with plaintiffs' claims at any time prior to the institution of litigation on the advice of counsel, whether in whole or in part. If your response to this Interrogatory is anything other than an unqualified "no", identify the attorney(s) upon whose advice you based your coverage determination.

12. Objection. This Interrogatory calls for information that is neither material nor necessary for the prosecution or defense of this action, nor reasonably calculated to lead to the discovery of admissible evidence. This Interrogatory may also call for information prepared in anticipation of, or preparation for, settlement, litigation or trial by Homesite and/or its representatives, or work product, mental impressions, conclusions, opinions or legal theories of Homesite's counsel and/or its representatives. Notwithstanding and without waiving these objections, Homesite considered advice from attorneys Jeffrey Smythe and Michael Ryan of Merry, Farnan & Ryan when making its coverage determinations in this matter.

Dated: April 11, 2008

/s/ Sean J. Bellew
Sean J. Bellew (#4072)
Cozen O'Connor
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013

*Counsel for Defendant*

OF COUNSEL:
Melissa F. Brill, Esquire
Cozen O'Connor
45 Broadway Atrium, 16th Floor
New York, NY 10006
Telephone: (212) 509-9400